IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| John Robert Mack, Jr., | ) |
| | ) |
| Plaintiff, | ) Case No: 17 CV 50145 |
| | ) |
| v. | ) |
| | ) Judge Philip G. Reinhard |
| Rockford Police Department et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

For the following reasons, plaintiff's motion to proceed in forma pauperis [4] is granted, plaintiff's motion for attorney representation [5] is denied, and plaintiff's complaint [1] is dismissed. Civil case terminated.

### STATEMENT

The court has received plaintiff John Robert Mack, Jr.'s complaint [1], motion to proceed in forma pauperis [4], and motion for attorney representation [5].

The court accepts plaintiff's IFP application on a preliminary basis to the extent that plaintiff has demonstrated that he cannot prepay the filing fee. His request to proceed IFP [4] is thus granted. Under its authority pursuant to 28 U.S.C. § 1915(a), the court waives the initial filing fee.

Plaintiff's motion seeking attorney representation is denied [5]. Although "[t]here is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), the court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In making the decision whether to recruit counsel, the court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on his own behalf or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). This analysis does not focus solely on the plaintiff's ability to try the case, but on his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). First, plaintiff in his motion [5] does not indicate that he has made a reasonable attempt to obtain counsel. Second, plaintiff's submitted materials show sufficient cogency and grasp of the relevant facts to proceed on this matter without assistance, at least at the present time. Third, as shown below, attorney representation would not appear to assist plaintiff as it is clear from the face of the complaint that his claims are barred due to the statute of limitations.

Under 28 U.S.C. § 1915(e)(2), the court is required to screen an indigent litigant's complaint and dismiss the complaint, or any claim therein, if the court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v.*

1

*Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen IFP complaints in the same manner they review ordinary motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). Pursuant to such review, the court must determine if plaintiff's complaint sufficiently states a claim in accordance with federal notice pleading requirements. *Id.* Under those requirements, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Also, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When reviewing the sufficiency of a complaint on initial review, courts "accept the well-pleaded facts in the complaint as true," *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013), "draw all reasonable inferences from those facts in favor of the plaintiff," *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015), and construe complaints filed by *pro se* litigants liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Here, it is clear from plaintiff's complaint that he is raising claims based on 42 U.S.C. § 1983 based on his arrest on August 9, 2014 and the course of criminal proceedings against him, which were resolved with the dismissal of those proceedings on March 24, 2015. There is a "two-year statute of limitations applicable to § 1983 suits in Illinois," and assuming that plaintiff raises claims related to false arrest, malicious prosecution, and the actions of his counsel during criminal proceedings, "his § 1983 claim for damages [would] accrue . . . when the state litigation ended." *See Wilson v. Illinois Department of Financial and Professional Regulation*, 2017___ F.3d ___, 2017 WL 3909105, at **2-3 (7th Cir. 2017). It is thus clear from the face of plaintiff's complaint that the statute of limitations expired no later than March of 2017. Plaintiff signed the complaint on May 8, 2017, several months after the expiration of the statute of limitations. "The statute of limitations issue may be resolved definitively on the face of the complaint when the plaintiff pleads too much and admits definitively that the applicable limitations period has expired." *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Com'n*, 377 F.3d 682, 688 (7th Cir. 2004). Thus, the court is forced to dismiss this action.[1]

Date: 10/06/2017          ENTER:

*Philip G. Reinhard*
_____
United States District Court Judge

Notices mailed by Judicial Staff. (LC)

---

[1] The court also notes that Rockford Police Department is not a suable entity, and that the public defender is likely immune to a suit for damages from the plaintiff.

2